Gunter, J.
Certain mining companies employed Vernon Beggs as secretary; term six months beginning January 1, 1896; salary $100.00 per month. Appellant, counsel for the companies, made the contract and, morally at least, guaranteed payment of the salary. Beggs began the services in the city of Denver. Late in February appellant went east, returning in August. During his absence the business of the companies, for certain reasons, proved unsatisfactory, and in July they closed their offices. Beggs, in response to a letter of appellant, met him in September for a settlement. At the meeting Beggs stated a certain balance due from the companies on salary. Part of *24 this appellant paid in cash, remainder by his note. Appellee sued upon this note and rested at the trial with its introduction, evidence of its genuineness and of its endorsement to him before maturity.
Defendant, appellant here, after showing above facts leading up to the note offered “To prove * * * that the services were not rendered by Vernon Beggs, the payee in the note, for which the note was after-wards given by Mr. McKinley, the defendant * * * under the misapprehension that the services had been rendered.” This evidence the court rejected. Appellant closed and judgment went for appellee.
Appellant contends that this was an offer to show the note procured by fraud, that thereby the prima, facie ease made by appellee was overcome and the burden shifted to the appellee to show purchase for value in good faith before maturity, that this supplemental proof failing the judgment below was error.
Appellant cannot invoke this rule because the rejected offer was not necessarily an offer to show fraud. Beggs might not have rendered the services in payment of which appellant gave the note, that is, might not have performed his contract of hiring, yet the company might have owed him the amount of .the note. Appellant might have executed the note under the belief that Beggs had performed such services, yet it would not necessarily follow that Beggs practiced a fraud on appellant to induce the execution of the note and that appellant was thereby induced to give the note. Fraud is not presumed, if relied on in the pleadings the facts must be fully stated which it is claimed constitute the fraud, if sought to be proven the facts must be given fully which it is contended amount to fraud. Here no offer was made to show that Beggs had falsely stated any fact to appellee for the purpose of inducing the execution of the note. *25 Beggs did not state nor was there any offer to show a statement by him that he had performed the services called for by the contract. No offer was made to show that the belief of appellant had been justifiably induced by a false statement of any fact by Beggs; no offer to show that the false statement of any fact by Beggs justifiably induced the execution of the note. Two years elapsed between the giving of the note and the institution of the suit thereon. It does not appear that during this time fraud was at any time charged in securing the note. This fact does not suggest a relaxation of the rule requiring the tender to disclose fully the facts which it is claimed constitute fraud. If the tender be considered an offer to show want of consideration it was properly rejected because the proof thereof alone would not have overcome.the prima facie case of the appellee.
“The production of the instrument and proof that it is genuine, prima facie establishes his case; and he may there rest it.” — Daniel on Negotiable Instruments, vol. 1, 4th ed. § 812.
“Countervailing proof that the instrument was executed without consideration as between the original parties * * * does not impair the holder’s superiority of position and he may still rest his case upon the instrument itself, from which it will still be presumed that he acquired it in a manner entitling him to stand upon the vantage ground of a bona fide holder for value.” — Daniel on Negotiable Instruments, vol. 1, 4th ed. § 814; Randolph on Commercial Paper, vol. 2, 2nd ed. § 1028; Tourtelotte v. Brown, 1 Colo. App. 408, 29 Pac. 130.
The case made by the introduction of the note endorsed before maturity not having been overcome the court below was right in entering judgment for appellee. Affirmed.